UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7649 CJC (MRWx) | Date | September 30, 2021 |
|---|---|---|---|
| Title | R.K. v. Palos Verdes Peninsula USD | | |

Present: The Honorable   Michael R. Wilner

| Veronica Piper | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None present | None present |

**Proceedings:**   ORDER RE: *PRO SE* AND GUARDIAN *AD LITEM* STATUS

    1.    Plaintiffs initiated a pro se lawsuit against a local school district. The complaint asserts civil rights claims on behalf of the parents and their children. None of the adults named as litigants appears to be an attorney.

    2.    However, a guardian or parent cannot bring a lawsuit on behalf of a minor in federal court without retaining a lawyer. Jie Lin v. Ashcroft, 377 F.3d 1014, 1025 (9th Cir. 2004). The Ninth Circuit has held as a matter of law that it is not in the interest of minors or incompetents that they be represented by non-attorneys or family members. Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997); Tagle v. Clark County, 678 F. App'x 600 (9th Cir. 2017) (same).

    3.    Moreover, even if the families were to find a lawyer to represent them, the Court has not received any application from any of the parents to act as a guardian ad litem for the children. Fed. R. Civ. P. 17(c).

    4.    The parents cannot represent their children or their co-plaintiffs as non-lawyers. The children also need a court-approved representative to protect their interests. Plaintiffs are directed to inform the Court whether and how they intend to address these problems to advance the case as pled. Plaintiffs' response (or their notice of voluntary dismissal of the action) will be due by October 15.

**Failure to respond to this order may result in a recommendation that the action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Proc. 41(b). Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884 (9th Cir. 2019).**